No. 23,195.

ROSA L. STEVENS, *Appellee,* v. ELMER HARMON, *Appellant.*

SYLLABUS BY THE COURT.

PROPERTY LOST BY TRANSFER MAN—*Evidence—Instructions—Findings.*
   The proceedings considered, and *held,* there was no material variance between the pleading and the proof, evidence complained of was properly admitted, instructions to the jury were correct, and special findings of the jury were sustained by the evidence.

Appeal from Wyandotte district court, division No. 1; FRANK D. HUTCHINGS, judge. Opinion filed October 8, 1921. Affirmed.

*David F. Carson,* of Kansas City, for the appellant.

*Joseph P. Duffy,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover the value of a lost or stolen suitcase and its contents, which the defendant was employed to transfer from the plaintiff's address in Kansas City, Kan., to the union station in Kansas City, Mo. The plaintiff recovered, and the defendant appeals.

The defendant was engaged in the transfer business. Ellis, his baggageman, called for two trunks belonging to the plaintiff and for the suitcase, and testified he was instructed to take them to the baggage department of the union station. He further testified he took the baggage to the station, unloaded it on the dock, took it to the baggage room, and delivered it there.

He placed it inside the baggage room by the door. Depot baggagemen were there, and they weighed the suitcase and put it away before he left. The trunks were not weighed before he left. He reported delivery of the baggage to the defendant. The jury did not believe the witness, and with the general verdict returned the following special findings of fact:

"1. Did plaintiff give defendant's driver instructions about where to deliver her baggage? A. Yes.

"2. Was the suitcase to be delivered at the baggage room of the union station? A. Yes.

"3. Did defendant's driver deliver the suitcase and trunks obtained from 706 Garfield, Kansas City, Kansas, at the baggage room at the union station? A. Trunks were delivered and suitcase was not."

There was ample evidence to sustain the special findings.

The plaintiff pleaded an engagement to carry the baggage to the union station and there deliver it to the plaintiff, her agents, or assigns. It is said there was no proof that the plaintiff had any agent at the union station to receive the baggage. The plaintiff and the defendant's driver both testified that the driver was instructed to deliver the baggage at the baggage room of the depot. The transaction was of the everyday kind between traveler and carrier, and the technical legal relation of the baggage department of the union station to the plaintiff is not of the slightest consequence, especially in view of the findings of fact.

One count of the petition charged the carrier with negligence. It is said there was no proof of negligence. There was substantial proof that the suitcase was in an insecure position on the defendant's wagon when the defendant's driver started to the station with it; but the issue of negligence was not submitted to the jury. The instructions based liability on nondelivery by the carrier, and correctly stated the law on that subject.

The suitcase had been used, and its contents consisted of female wearing apparel and articles which, because of use or for other reasons, had no market value, in the sense in which that expression is used. Under the circumstances, proof of market value was not essential, and there is no suggestion that any article was overvalued.

None of the objections to the proceedings is of sufficient moment to require a reversal of the judgment of the district court, and it is affirmed.